# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYNE J. YOUNGS, | |
| Plaintiff, | 4:19CV3067 |
| vs. | AMENDED CASE PROGRESSION ORDER |
| INDUSTRIAL SERVICES, INC., | |
| Defendant. | |

This matter is before the Court on the parties' Joint Motion to Amend Case Progression Order (Filing No. 22). After review of the parties' motion, the Court finds good cause to grant the requested extensions. Accordingly,

**IT IS ORDERED** that the Joint Motion to Amend Case Progression Order (Filing No. 22) is granted, and the case progression order is amended as follows:

1) The deadline for identifying expert witnesses and to complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is **May 22, 2020**.

2) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **July 30, 2020**.

3) The deposition deadline is **August 17, 2020**.

4) The status conference scheduled for June 26, 2020, is cancelled. A status conference to discuss case progression, dispositive motions, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **August 31, 2020**, at **11:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

5) The deadline for filing motions to dismiss and motions for summary judgment is **September 30, 2020**.

6) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

7) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 12th day of May, 2020.

                                        BY THE COURT:

                                        s/Michael D. Nelson
                                        United States Magistrate Judge